**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ireneusz Bakun,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-20-01610-PHX-DJH<br><br>**ORDER** |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying his application for SSA disability benefits. Plaintiff filed an Opening Brief (Doc. 15) on January 21, 2021. Defendant filed a Response Brief (Doc. 18) on March 24, 2021. Plaintiff filed his Reply Brief (Doc. 25) on March 30, 2021. The Court has reviewed the briefs and the Administrative Record (Doc. 14, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.  Background**

On June 2, 2017, Plaintiff protectively filed an application for a period of disability and disability benefits with an alleged onset date of April 27, 2017. (R. at 16). An ALJ issued an unfavorable decision on November 25, 2019. (R. at 13). The Appeals Council denied Plaintiff's request for review. (R. at 1). This appeal followed.

Plaintiff claims several impairments to his ability to work. (R. at 19). The ALJ found Plaintiff's morbid obesity, bilateral lower extremity lymphedema, and obstructive sleep apnea were severe impairments. (*Id.*) Although Plaintiff also alleged depression

influenced his ability to work, the ALJ determined that this was not a medically determinable impairment. (*Id.*)

Plaintiff represented that his physical impairments cause "shortness of breath, fluid in his lungs, back pain, dizziness, fatigue, and edema of the legs." (R. at 20). As summarized by the ALJ, Plaintiff's testimony showed a limited ability to "lift, stand and walk for extended periods, bend, and climb stairs." (R. at 21). During his symptom testimony Plaintiff represented that he used a compression machine for two hours each day and elevates his legs for three to four hours daily. (R. at 56–57). He testified to needing to use the restroom every ten to fifteen minutes and needing to use a cane or a handrail to lift himself from the seated position. (R. at 46, 58). He also testified to doing some household chores and requiring regular breaks. (R. at 46).

The ALJ, citing to medical records, found Plaintiff's symptom testimony was "not entirely consistent with the medical evidence and other evidence in the record . . . ." (R. at 21). The ALJ concluded that Plaintiff had the residual functional capacity to perform sedentary work "with restrictions on postural activities and exposure to environmental factors as found in this decision . . . ." (R. at 22).

Plaintiff raises two issues: whether the ALJ erred in finding Plaintiff's symptom testimony partially credible, and whether the Court should remand this case for computation of benefits. (Doc. 19 at 1).[1]

## II. Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the

---

[1] Plaintiff's Opening Brief also raised an issue regarding the opinion of Dr. Stephen Gill. (Doc. 15 at 1). The Court assumes this issue was raised in error as the record does not reference Dr. Gill, and Plaintiff does not elaborate on this issue.

record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Discussion**

Plaintiff argues the ALJ erred in the final step, where the ALJ found Plaintiff's symptom testimony was only partially credible and that Plaintiff could perform some work in the national economy. When an ALJ evaluates a claimant's symptoms, he considers symptom testimony, objective medical evidence, and other evidence in the record. 20 C.F.R. § 404.1529(c). An ALJ "may not reject a claimant's subjective complaints based

solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 404.1529(c)(2). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).[2]

Plaintiff makes two general arguments as to why the ALJ erred. First, Plaintiff argues the ALJ's opinion "summarizes the medical evidence but fails to identify meaningful conflicts." (Doc. 15 at 6). For example, Plaintiff argues the ALJ failed to identify a conflict in an August 7, 2017, examination by Dr. Michael Bugola, nor did the ALJ show how physical therapy evaluations stating Plaintiff "had all the necessary tools for independence" conflict with Plaintiff's testimony.

Plaintiff's critiques only focus on a few of the reasons underlying the ALJ's decision, such as the ALJ's use of Dr. Bugola's observation of Plaintiff's symptoms during an examination. (Doc. 15 at 7). Dr. Bugola noted that Plaintiff could sit, stand, and walk without difficulty or the need the need for assistance. (R. at 21). This observation may not contradict Plaintiff's symptoms, as Plaintiff argues, but it certainly does not lend support the alleged symptoms, either. Other evidence, however, does contradict Plaintiff's symptom testimony.

For example, the medical records cited by the ALJ show Plaintiff underwent therapy in 2018. (R. at 21). In September 2018, records show that Plaintiff had acquired "all the necessary tools for independence" and that "[s]killed therapy" was no longer necessary. (R. at 1439). Plaintiff also argues the ALJ failed to elaborate on how this contradicts his testimony. And yet the ALJ did note that this finding of independence comports with notes from a 2017 consultative psychological examination indicating that Plaintiff lived an independent life through cooking, cleaning, grocery shopping, and going to the dog park

---

[2] The Court recognizes Defendant's argument that the "substantial evidence" standard for evaluating findings of fact is the proper and more deferential standard. (Doc. 18 at 9 n.5). Nonetheless, it also argues the ALJ supported his opinion under the more stringent "clear and convincing" standard. (*Id.*)

- 4 -

on a regular basis. (R. at 448). Such activities, the ALJ found, showed Plaintiff "was not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (R. at 22). Though stated quietly, the ALJ plainly identifies a contradiction here.

The ALJ continued to cite other evidence that contradicts Plaintiff's symptom testimony. The ALJ lent partial weight to the 2017 opinions of Dr. Neil Sapin and Dr. Marilyn Orenstein, who both stated Plaintiff was capable of standing and walking for six hours in an eight-hour workday. (R. at 72, 86). They also opined that Plaintiff's residual functional capacity should be limited to light or sedentary work. (R. at 75, 90). Although such evidence strongly contradicts Plaintiff's symptom testimony, the ALJ only lent these opinions partial credence because of more-recent medical evidence showing additional therapy for lymphedema. (R. at 24).

As a whole, the evidence cited by the ALJ does not simply fail to support Plaintiff's symptom testimony; it contradicts the testimony. The evidence provides strong, clear, and convincing reasons to partially reject Plaintiff's testimony to the extent he represented a complete lack of functional capacity to work.

The second general argument Plaintiff makes is that the ALJ failed to consider Plaintiff's need for a bariatric chair, which would be necessary for sedentary work. (Doc. 15 at 9). Defendant argues that Plaintiff has forfeited this argument because he did not raise it during the administrative proceedings. (Doc. 18 at 17). Although Plaintiff raised this argument in his Opening Brief, he makes no counterargument in his Reply.

In most instances when a claimant is represented by counsel, he "must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Here, Plaintiff was represented by counsel during the administrative proceedings, and there is no evidence that Plaintiff raised any issues related to his need for a bariatric chair. (R. at 99). The Court finds Plaintiff failed to raise his need for a bariatric chair during the administrative proceedings and so has waived the argument.

**IV.   Conclusion**

The Court finds that the ALJ did not err in reaching his decision. Therefore, it is unnecessary to address whether this matter should be remanded for a computation of benefits.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.  The Clerk of Court is directed to enter judgment accordingly.

Dated this 10th day of December, 2021.

Honorable Diane J. Humetewa
United States District Judge